*105 The opinion of the Court was delivered by
O’Neall, J.
1st. The plea of res judicata, ought not to avail the defendant. For notwithstanding the matter is set out, in the bill, and the Court is asked to compel the defendants to pay all the notes and obligations of Nathan Sims which they had undertaken to pay, yet the Court did not at all notice that part of the prayer. This was no doubt done advisedly. For the complainant had no right to assume, that this defendant and his co-defendants would not pay, as they had undertaken lo do, except where his testator, or he after his death, had been compelled to pay, or placed in some danger thereby. Until the debt to Chancellor Caldwell was paid by him, he had no right of action against the defendant. This was done subsequent to the decree in Chancery, and cannot be concluded by it.
2d. Nor can the statute of limitations avail the defendant. In the settlement of the 28th October, 1842, the defendant undertook to pay the debt to Chancellor Caldwell, and thus to release Nathan Sims. Until default was made, in this promise, the statute could not run. For until then, Sims had no action. It is in this respect, like a contract of indemnity express or implied ; in such a case until the damage is incurred, the party to be indemnified cannot sue. Peters vs. Barnhill, 1 Hill, 234; Legare & O'Hear vs. Fraser, 3 Strob. 377.
But on turning to the defendant’s answer, filed 7th June, 1848, an express admission of his undertaking is found, and that he had not then paid the 'debt to Chancellor Caldwell. This, under the rule of Young vs. Monpoey, 2 Bail. 278, would prevent the bar of the statute, inasmuch as the action was brought 20th February, 1851, less than four years after the admission. The motion for a new trial is granted.
Fbost, Withers and WhitNer, JJ., concurred.